DETROIT BANK & TRUST COMPANY v DICKSON (AFTER
REMAND)

Docket No. 27519. Submitted May 11, 1977, at Detroit.—Decided
October 17, 1978. Leave to appeal denied, 406 Mich —.

Plaintiff, Detroit Bank & Trust Company, is the executor of the
estate of Stanley E. Krol. Mr. Krol, prior to his death, was a
business partner of defendant, Stanley G. Dickson. Plaintiff
sued defendant to compel dissolution of the Dickson-Krol part-
nership and sale of the partnership assets, consisting of several
parcels of real estate as well as personal property, including
cash assets. Defendant counterclaimed to compel enforcement
of a buy-sell agreement. The Livingston Circuit Court, Halford
I. Streeter, J., denied defendant's counterclaim and ordered a
sale of the partnership property. Defendant's attorney prepared
the final order to that effect. A notice of sale was posted prior
to the sale, at which only plaintiff and defendant tendered bids.
The notice listed as the subject of the sale only the several
parcels of real property. Plaintiff became the high bidder at the
sale and moved the court for approval and confirmation of sale,
execution of sheriff's deeds and transfer of possession to plain-
tiff, including the partnership cash assets and other personal
property. Defendant objected. The court granted plaintiff's mo-
tion and denied defendant's subsequent request to make a
separate record to preserve certain testimony. Defendant ap-
pealed and the Court of Appeals remanded for further proceed-
ings and retained jurisdiction, 78 Mich App 12; 259 NW2d 228
(1978). After further hearings the trial court, over defendant's
objection, made further findings of fact and the case was again
before the Court of Appeals. *Held:*

Defendant and his attorney knew or should have known that
there was a discrepancy between the judgment and the notice
of sale and such an error may not serve as a basis for setting
aside the sale.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

76 Am Jur 2d, Trial § 1244.

Construction of provision of Rule 43(c) of the Federal rules of civil
procedure, and similar state provisions, providing for entry into
record of evidence excluded by trial court. 9 ALR3d 508.

TRIAL—SEPARATE RECORD—DENIAL OF RECORD—SUFFICIENT REASONS.

> A request to place testimony on a separate record made after objection to its admission at trial is sustained is improperly denied where there is given no sufficient or good reason for denying the request.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Ted T. Amsden*), for plaintiff.

*William B. Elmer (Feiler & Glass, P.C.,* of counsel), for defendant.

Before: BASHARA, P.J., and QUINN and BEASLEY, JJ.

## AFTER REMAND

BEASLEY, J. This matter was previously remanded to the trial court to give defendant opportunity to offer proof on a separate record relating to defendant's motion to set aside a sale of partnership assets and to set aside the order confirming the sale. Extensive hearings have been held pursuant to the order of remand, after which both sides filed briefs with the trial court. Pursuant to request of plaintiff-appellee, the trial court then made further findings of fact over the objection of defendant-appellant, and the matter has now been returned to this Court, which retained jurisdiction.

The issue which gives rise to this portion of defendant-appellant's appeal relates to whether the sale of partnership assets ordered by the trial court after trial included only the real property in which the partnership had an interest, or included all of the assets of the partnership, including cash and bank accounts.

The record indicates that, after trial on the merits, both sides prepared proposed judgments

purporting to give effect to the trial court's rulings and findings. Notice was fully given to both sides, and a hearing or hearings were held after which the trial court entered a judgment. Paragraph two of that judgment, which was dated November 24, 1975, provides as follows:

"2. The partnership property shall be sold at public auction within two weeks from the date hereof and either party shall have the right to bid on said property at said auction, each being credited on the purchase price thereof with their aliquot share of the property; the proceeds thereof shall be first applied to the expenses of sale, if any; then, to the satisfaction of any creditors of said partnership and the remainder divided equally between the parties; terms of sale shall be cash or certified check provided that the bidders shall have (60) days from the date of sale to obtain any necessary financing and, in default thereof, the property shall be awarded to the next highest bidder; and the sale shall be consummated by the payment of cash or certified check * * * ."

This judgment was prepared by counsel for defendant on his stationery after the hearings heretofore referred to. The trial court was, and is, satisfied that the reference in the judgment to "partnership property" was intended to mean and to include all partnership assets and not only the real property in which the partnership had an interest. Our review of the record indicates that there was sufficient evidence to support the trial court's conclusion in this regard.

The record, including the separate record, indicates that the notice of sale which had been requested by the sheriff or his deputy and posted by him or his deputy, described only three parcels of real property in which the partnership had an interest. For whatever the reason, the record indi-

cates that neither plaintiff nor its counsel objected to the failure to describe properly the partnership assets to be sold in the notice of sale. Defendant-appellant claims that a third party, or possibly other strangers to the transaction, might have bid a higher amount than that bid by plaintiff as the successful bidder if they had, in fact, known that there were to be other assets included in the public auction sale. From our review of the record, this possibility seems highly unlikely. Although the trial court ordered a public auction sale, it is clear that the parties were primarily bidding against each other as the price rose from the first bid of $850,000 to the $1,150,000, which was the ultimately successful bid of plaintiff.

We find that defendant and his attorney knew, or should have known, that there was a discrepancy between the judgment entered by the court after trial and the notice of sale. We, therefore, decline to permit the error in the notice of sale which, in any event, was apparently prepared by counsel for defendant, to serve as a basis for setting aside the sale.

Defendant also claims that it was error for the trial court to deny him an opportunity to take an opinion from his expert witness, David Bredernitz, on the separate record. Objection was made to the inquiry made of the expert, and the trial court sustained the objection on the ground that it was not relevant.

As we previously indicated, where request is made to place testimony on a separate record after objection is successfully made to admission of the testimony, there must be a sufficient reason for denial of the request. There was not any sufficient or good reason for this denial by the trial jduge; again, it was error for him to deny defendant this

opportunity. However, in view of the findings that we now make, this error is harmless under the circumstances of this case.

Consistent with these findings, we, after full consideration of the testimony placed on the separate record, find that defendant's claims of error with respect to the sale of the partnership assets are without merit.

We note the further findings of fact and conclusions of law made by the trial court and give consideration to them. We find that the findings of the trial judge were not clearly erroneous.

Affirmed, with costs.

QUINN, J., did not participate.